UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH J. MURPHY, ET AL., : | |
| : | |
| Plaintiffs, : | |
| : | 3:14-MC-135 (VLB) |
| v. : | |
| : | December 5, 2017 |
| STUART SNYDER, ET AL., : | |
| : | |
| Defendants. : | |

**ORDER DENYING DEFENDANTS' MOTIONS TO QUASH [DKT. NOS. 7, 9]**

I. **Introduction**

Defendants Stuart Snyder and Doreen Snyder ("Defendants") filed motions to quash subpoenas that Plaintiffs Joseph J. Murphy and Nancy Murphy ("Plaintiffs") have served on third parties Duke + Van Deusen Events, LLC ("DVD") and Chase Bank, NA ("Chase"). Plaintiffs served these subpoenas pursuant to Federal Rule of Civil Procedure 69, which permits a judgment creditor to obtain discovery "in aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2). For the reasons that follow, Defendants' motions are DENIED.

II. **Background**

Plaintiffs are creditors who obtained a default judgment against the Defendants in the Eastern District of New York. See *Murphy v. Snyder*, No. 10-cv-01513(JS)(AKT) (E.D.N.Y. Sept. 23, 2014). On November 14, 2014, Plaintiffs filed a Registration of Foreign Judgment in this District, seeking enforcement of the default judgment. [Dkt. No. 1]. On April 23, 2015, Defendants filed a Chapter 11 bankruptcy case, which was later converted to a Chapter 7 case. [Dkt. No. 7 at 1].

1

Plaintiffs then commenced an adversary proceeding asserting that their judgment was not dischargeable. [Dkt. 11-3 at 1-2]. On May 5, 2017, the bankruptcy court ruled in favor of the Plaintiffs. *Id.* An appeal of this decision is currently pending before Judge Underhill. *See In re Snyder*, No. 17-cv-00840(SRU) (D. Conn. May 19, 2017). Plaintiffs have since sought discovery related to the default judgment, including by subpoenaing DVD and Chase.

DVD was the wedding planner for Brittany Snyder, the Defendants' daughter and the Plaintiffs' niece. [Dkt. No 7 at 2]. Plaintiffs served a subpoena on DVD in July 2017, and Ms. Snyder's wedding was scheduled for October 2017. *Id.* The Defendants' motion to quash does not state that either of the Defendants has any kind of contractual relationship with DVD, but argues that the subpoena was designed to harass Defendants and interfere with Ms. Snyder's business relationship with DVD. *Id.* at 3.

Chase holds the accounts of both Defendants as well as Greenwich Development Group, LLC ("GDG"), Defendant Stuart Snyder's construction/contracting company. [Dkt. No. 9 at 2]. Defendants have not asserted that Mr. Snyder shares ownership of this business with anyone. In August 2017, Plaintiffs served a subpoena on Chase, seeking the production of documents relating to the Defendants' bank accounts as well as any businesses owned by them, specifically including GDG. *Id.* at 2, 12. Defendants moved to quash the subpoena solely as it relates to GDG, for the limited purpose of prohibiting Plaintiffs from using information gained from their subpoena to interfere with GDG and Mr. Snyder's business relationships. *Id.* at 4.

III. **Legal Standard**

A subpoena must comply with the requirements of both Federal Rules of Civil Procedure 26 and 45. Rule 26(b) limits all discovery to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court may also, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" arising out of a discovery request. Fed. R. Civ. P. 26(c); *see also Torcasio v. New Canaan Bd. of Ed.*, No. 3:15CV00053(AWT), 2016 WL 312102, at *2 (D. Conn. Jan. 26, 2016) (holding that a subpoena must seek relevant and material information, and must not be overbroad, duplicative, or unduly burdensome). "The burden of demonstrating relevance is on the party seeking discovery . . . . Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012).

Pursuant to Federal Rule of Civil Procedure 45(d)(3), the Court "*must* quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." (emphasis added). "Whether a subpoena imposes an 'undue burden' depends upon 'such factors as relevance, the need of the party for the

3

documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (quoting *United States v. Int'l Business Machines Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).  However, "[a] party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590 LTS HBP, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013); *see also A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 3:07CV929 WWE, 2013 WL 6511934, at *2 (D. Conn. Dec. 12, 2013) ("The law is well settled that Progressive, as a party, lacks standing to challenge the nonparty subpoenas on the basis of burden.").

IV. <u>Discussion</u>

    A. <u>DVD</u>

Defendants' first motion to quash was directed at the DVD subpoena. Ordinarily, "only the person or entity to whom a subpoena is directed has standing to file a motion to quash." *Jacobs v. Connecticut Cmty. Tech. Colleges*, 258 F.R.D. 192, 194-95 (D. Conn. 2009).  However, a party with a "personal privacy right and privilege" with respect to the information sought may also move to quash a subpoena.  *See id.* (holding that a patient had standing to move to quash a subpoena seeking the production of medical records from a third party). "Examples of such personal rights or privileges include the personal privacy right and privilege with respect to the information contained in psychiatric and mental health records, claims of attorney-client privilege, and other privacy

4

interests, including those relating to salary information and personnel records." *A & R*, 2013 WL 6511934, at *2 (citations and quotations omitted) (denying motion to quash where insurer sought payment records from third party auto body shops).

In support of their assertion that they have standing as to DVD, Defendants state simply that "DVD is the wedding planner for Brittany Snyder, Defendants' daughter who is getting married in October of 2017. As Plaintiff Joseph Murphy and Defendant Doreen Snyder are brother and sister, that makes Brittany Plaintiffs' niece." [Dkt. No. 7]. They argue that the subpoena "asks for private information of both Defendants and their daughter, and potentially negatively impacts [their daughter's] relationship with DVD and potentially other vendors related to the wedding, as well as DVD's relationship with any vendors." [Dkt. No. 7 at 3-4]. Plaintiffs have not explained what type of private information might be contained in communications with DVD. As a relationship with a wedding planner—unlike a relationship with an attorney, spouse, or physician—is not privileged, the Court cannot presume that the communications at issue in the instant case actually include private information.

Moreover, Defendants' motion contains no allegations that Defendants had a direct business relationship with DVD. The mere fact that DVD was retained to work on their daughter's wedding does not mean that the Defendants had any legal obligation to pay for DVD's services or any authority to direct DVD's work. Similarly, because both Brittany Snyder and DVD are third parties, Defendants do not have standing to assert that the subpoena will interfere in the claimed

5

business relationship between Brittany Snyder and DVD. Defendants' motion to quash the subpoena of DVD must therefore be DENIED for lack of standing.

B. <u>Chase Bank</u>

Defendants moved next to quash the subpoena of Chase Bank. Defendants do not argue that discovery of their own or GDG's financial records should be barred. Instead, Defendants ask the Court to (1) extend the time for Chase to comply with the subpoena as to GDG until after a final decision on Defendants' motion to stay the bankruptcy proceeding pending appeal; and (2) to prohibit Plaintiffs from using information gained from their subpoena to interfere with GDG and Stuart Snyder's business relationships. [Dkt. No 9 at 4]. The first issue is moot, as the Bankruptcy Court denied Defendants' motion for a stay pending appeal on October 5, 2017. *See* Dkt. No. 82, *Murphy v. Snyder*, 15-05042 (JAM) (Bankr. D. Conn. October 5, 2017).

With respect to the second issue, Defendants claim that Plaintiffs "could use the information gained from GDG's baking records to . . . embarrass Defendant Stuart Snyder and interfere with his business relationships," but they do not explain how or why they believe "checks payable to various past and current vendors and suppliers, as well as payments from clients" will be used to do so. *Id.* "It is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250 (2014). Indeed, "broad post-judgment discovery in aid of execution is the norm in federal

. . . courts." *Id.* In the absence of any evidence or non-conclusory argument suggesting that Plaintiffs would use GDG financial records for any purpose other than ascertaining Defendants' assets, the Court finds any injunction limiting the use of this information unnecessary.

Additionally, "an injunction must be more specific than a simple command that the defendant obey the law . . . [and] must be specific and definite enough to apprise those within its scope of the conduct that is being proscribed." *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240-41 (2d Cir. 2001) (citations and quotations omitted). Defendants' proposed injunction "prohibit[ing] Plaintiffs from using any information from their subpoena to interfere with GDG and Defendant Stuart Snyder's business relationships," [Dkt. No. 9 at 4], would not provide Plaintiffs with clear guidance regarding permissible uses of GDG's financial records. The Court can easily imagine circumstances under which Plaintiffs' lawful efforts to apprise themselves of Defendants' financial status would constitute "interference." For example, Chase records could reveal that Defendants' funds had been used to pay another creditor to Plaintiffs' detriment. Subpoenaing this creditor might "interfere" with Mr. Snyder's business relationship with the creditor, but it would still be permissible under Rule 69. An injunction that prohibits Plaintiffs from "using any information gained from their subpoena to interfere with GDG and Defendant Stuart Snyder's business relationships" is insufficiently specific to differentiate between permissible and impermissible actions under Rule 69. Defendants' limited motion to quash the Chase subpoena must therefore be DENIED.

7

V. **Conclusion**

For the foregoing reasons, the Court DENIES Defendants' Motions to Quash [Dkt. Nos. 7, 9].

**IT IS SO ORDERED.**

                                                                   _____
                                                                   **Vanessa L. Bryant**
                                                                   **United States District Judge**

**Dated at Hartford, Connecticut**